**TOSHIBA CORPORATION; Toshiba America, Inc.; and Toshiba Hawaii, Inc., Plaintiffs,**

v.

**UNITED STATES, et al., Defendants.**

**Court No. 86–10–01285.**

United States Court of
International Trade.

April 24, 1989.

Arent, Fox, Kintner, Plotkin & Kahn, Robert H. Huey and Eleanor Pelta, Washington, D.C., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Jeanne E. Davidson, Civil Div., U.S. Dept. of Justice, and (Joan MacKenzie, of counsel), U.S. Dept. of Commerce, Washington, D.C., for defendants.

## OPINION

MUSGRAVE, Judge.

### BACKGROUND

Plaintiff Toshiba is subject to T.D. 71–76, an antidumping finding covering television receivers, monochrome and color, from Japan. 36 Fed.Reg. 4597 (1976).

On April 28, 1980 plaintiffs and other respondents entered into settlement agreements with the United States Department of Commerce ("Commerce") providing that the U.S. would forego its claim for duties assessed under T.D. 71–76 with respect to entries of televisions imported from Japan on or before March 31, 1979, in exchange for specified payments to the U.S.

Commerce subsequently undertook to conduct periodic administrative reviews of T.D. 71–76, in accordance with 19 U.S.C. § 1675(a), for the purpose of determining the amount of any antidumping duties to be assessed on television receivers from Japan after March 31, 1979.

On June 5, 1981 Commerce completed its first review for the period April 1, 1979 through March 31, 1980, and found that plaintiff's exports of television receivers were sold at or above fair value. 46 Fed. Reg. 30,163 (1981). On April 1, 1982 plaintiff applied for revocation of T.D. 71–76 as to it, and submitted assurances that it would not dump in the future. On August 18, 1983 Commerce published its preliminary results for the period from April 1, 1980 through March 31, 1981—the second review period—finding no dumping margins for plaintiff. 48 Fed.Reg. 37,506 (1983). On September 27, 1983 Commerce published its preliminary results for the third review period, April 1, 1981 through March 31, 1982, again finding no dumping margin for plaintiff. 48 Fed.Reg. 44,100 (1983). On that same day Commerce published its tentative determination to revoke T.D. 71–76 as to plaintiffs. 48 Fed.Reg. 44,101 (1983). As required by 19 C.F.R. § 353.54 the notice stated that final revocation would not issue until reviews were completed for the gap period—"the time between the last review conducted giving rise to the tentative decision to revoke, and the date that tentative determination was published." *Matsushita Elec. Indus. Corp. v. U.S.*, 12 CIT ——, 688 F.Supp. 617 (1988), *aff'd*, 861 F.2d 257 (Fed.Cir.1988).

Since September 27, 1983 Commerce has published its final determination in the second review on June 10, 1985, approximately two years after the preliminary determination, confirming zero margins for plaintiff. 50 Fed.Reg. 24,278 (1985). On March 20, 1987 Commerce published its final determination in the third review, over three years after the preliminary, again confirming zero margins for plaintiff. 52 Fed.Reg. 8940 (1987). The preliminary determination for the fourth review was published on December 30, 1988, with a finding of no dumping margins. 53 Fed.Reg. 53,043 (1988). The partial fifth review, covering shipments up to the date of notice of tentative revocation, September 27, 1983, was initiated on July 9, 1986. 51 Fed.Reg. 24,-883 (1986).

Since publication of its tentative determination to revoke as to plaintiffs, Commerce also initiated reviews of Toshiba merchandise under T.D. 71–76 for periods after September 27, 1983. However, on March 2, 1987 this Court granted plaintiffs' application for a preliminary injunction enjoining Commerce from conducting annual reviews under T.D. 71–76 as to Toshiba for periods subsequent to the date of tentative revocation, September 27, 1983, until Commerce made a final determination on revocation. *Toshiba Corp., et al. v. U.S.*, 11 CIT ——, 657 F.Supp. 534 (1987). Commerce appealed this decision to the Court of Appeals for the Federal Circuit, which reversed the preliminary injunction, finding that plaintiffs had not demonstrated irreparable injury sufficient to warrant such relief. *Sharp v. U.S.*, 837 F.2d 1058 (Fed.Cir.1988).

On January 29, 1988 plaintiffs moved this Court for leave to file a Motion for Partial Summary Judgment on the issues of Commerce's authority to conduct post-tentative revocation reviews and defendant's delay in completing outstanding administrative reviews.

On February 17, 1988 defendant filed its response to plaintiff's Motion for Leave to File a Motion for Partial Summary Judgment and itself filed a Motion to Stay Proceedings pending the issuance of a decision in *Matsushita Electric Industrial Corp. v. U.S.*, CIT Court No. 86–07–00902.

On March 28, 1988 plaintiffs sent a letter to the Court requesting that the Court act expeditiously with respect to the two pending motions. On April 6, 1988 defendant moved this Court to reject plaintiff's letter request and to purge all copies of the letter from the Court's files.

On December 13, 1988 plaintiffs filed a Motion for a Schedule of Publication of Review Results.

This case was re-assigned to these chambers on December 16, 1988.

At this time all of the above-mentioned motions remain pending. However, defendant's Motion to Stay Proceedings pending the issuance of *Matsushita* has been rendered moot, as an opinion was issued in that case on May 25, 1988, *Matsushita*

*Elec. Indus. Corp. v. U.S.*, *supra*, and that motion has since been withdrawn by defendant.

## DISCUSSION

In plaintiffs' Motion for Partial Summary Judgment, plaintiffs seek permanent injunctive relief against Commerce, enjoining it from conducting administrative reviews under T.D. 71–76 as to Toshiba for periods following September 27, 1983, the date of tentative revocation as to Toshiba, until Commerce has completed the pending administrative reviews for periods preceding and ending with September 27, 1983 and until defendant has rendered a decision on whether to grant or deny final revocation of T.D. 71–76 as to Toshiba. Plaintiffs further seek an order directing defendant to complete the outstanding review of periods prior to September 27, 1983 and to issue a decision on final revocation to take effect as of September 27, 1983 pursuant to a schedule that the Court shall deem appropriate. This request seeks the same relief as plaintiffs' most recent Motion for a Schedule of Publication of Review Results and will therefore be considered jointly below.

■ The Court turns first to plaintiffs' request for permanent injunctive relief. Plaintiffs argue that until Commerce finalizes its decision on revocation, Commerce lacks the authority to conduct reviews of T.D. 71–76 as to Toshiba for periods subsequent to September 27, 1983, the date of tentative revocation. This argument has already been considered and rejected in a recent case of this Court which is factually similar to our own, *Matsushita Elec. Indus. Corp. v. U.S.*, *supra*, in which the Court stated:

> after carefully analyzing the regulations and judicial decisions, the Court concludes that it would be erroneous to read into the regulations a restriction against conducting a post-tentative revocation review. *Id.* at ——, 688 F.Supp. at 624.

This decision was affirmed by the CAFC, which stated:

We are not suggesting, however, that Commerce may never consider data concerning events after publication of the tentative decision to revoke ... we cannot say that in order to determine whether there is 'no likelihood of resumption of sales at less than fair value,' the Secretary may not consider events after the date of the tentative revocation decision. The extent to which such post-tentative revocation decision data are required is a matter largely within the Secretary's discretion, and the answer depends upon the facts of the particular case.

*Matsushita Elec. Indus. Corp. v. U.S.*, 861 F.2d 257, 260 (Fed.Cir.1988) (quoting *UST, Inc. v. U.S.*, 831 F.2d 1028, 1033 (Fed.Cir. 1987)). Plaintiffs' request for permanent injunctive relief is denied.

As for defendant's motion to reject plaintiffs' letter request of March 28, 1988, the Court denies this motion but points out that this letter is not part of the record in this case and has not been considered by the Court in its determination.

▪ In plaintiffs' most recent motion the Court is requested to order a schedule mandating that Commerce complete and publish final results for the fourth, partial fifth, and ninth reviews,[1] as well as the third country shipments investigation, and to render a decision on final revocation of T.D. 71–76 as to Toshiba by March 1, 1989. With respect to the fourth review, the matter has been rendered moot, as Commerce published the preliminary determination for this review on December 30, 1988. 53 Fed. Reg. 53043 (1988).

Defendant opposes this motion on the grounds that plaintiffs have failed to meet the burden of demonstrating that such an exercise of the Courts power is warranted. Defendant asserts that it is in the process of completing all of the T.D. 71–76 administrative reviews, including those of plaintiffs' sales, and that there is no justification for the Court to interfere in the agency's management of its own proceedings.

The CAFC has acknowledged that the determination as to whether Commerce should be ordered to decide outstanding administrative reviews or to issue a final decision on revocation is a matter clearly left to this Court's sound discretion.

The government has recognized the power of the Court of International Trade to grant such affirmative relief in appropriate circumstances. The determination whether to do so and the terms and conditions of any directive to Commerce are matters for the Court of International Trade to determine in the first instance, in the exercise of its sound discretion.

*Sharp v. U.S., supra,* at 1064; *see also, Matsushita,* 861 F.2d 257 (1988).

It should also be noted that neither this Court nor the Court of Appeals look favorably upon the prolonged delays in Commerce's administration of its administrative reviews. In *UST, supra,* the Court indicated its concern "about Commerce's lengthy and seemingly unwarranted delay" stating that "[t]he failure promptly to determine whether to make final a tentative decision to revoke is particularly troublesome." *Id.* at 1032. The additional litigation which results "would be unnecessary if Commerce moved with proper dispatch." *Id.; see also Matsushita,* 688 F.Supp. 617 at 625 ("it is outrageous to contemplate the length of delay in the administration of T.D. 71–76 and the absurd delay should not be tolerated further").

In an opinion affirmed by the Court of Appeals for the Federal Circuit, the Court in *Matsushita* exercised its discretion in ordering Commerce to complete certain outstanding reviews by a date determined by the Court.

All controversies must come to an end sometime; this Court hereby orders that Commerce complete and publish final results for the partial fifth and ninth reviews, or alternatively it may, in its discretion,

---

**1.** Although Commerce announced the initiation of the sixth, seventh, and eighth reviews, no action was ever taken in connection with these reviews as Commerce determined that the only reviews that must be concluded prior to final revocation are those leading up to the date of the tentative revocation, and the review of the most recent period.

abandon these reviews, and to render a decision on final revocation of T.D. 71–76 as to plaintiffs by December 1, 1989.

## ORDER

This action having been duly submitted for decision, and the Court, after due deliberation, having rendered a decision herein; now, therefore, in conformity with said decision, it is hereby

ORDERED that plaintiffs' request for permanent injunctive relief as to reviews of T.D. 71–76 for periods subsequent to September 17, 1983 is denied; and it is further

ORDERED that defendants' motion to reject plaintiffs' letter request is denied; and it is further

ORDERED that defendant complete and publish final results for the partial fifth and ninth reviews as to plaintiffs of T.D. 71–76, or alternatively it may abandon these reviews, and to render a decision on final revocation of T.D. 71–76 as to plaintiffs by December 1, 1989.

